PRIMROSE GILLIAM, complainant-respondent,

*v.*

MARIE GILLIAM and CHARLES T. MARKWITH, defendants-appellants.

[Argued May 23d, 1941.   Decided December 12th, 1941.]

*Mr. Louis B. LeDuc (Mr. Ralph W. Wescott,* of counsel), for the complainant-respondent.

*Mr. Frank M. Lario,* for the defendants-appellants.

The opinion of the court was delivered by

HAGUE, J.

This is an appeal from a decree advised by Vice-Chancellor Berry setting aside a deed made by the complainant and his wife, Mary, from whom he was living separate and apart, to the defendant Markwith on December 6th, 1935.   Markwith was the surviving husband of Gilliam's sister who had owned the property and had died some time previously, intestate and

without issue, leaving her brother Primrose Gilliam her only heir-at-law. The title therefore vested in the complainant Primrose Gilliam. This is a fact case throughout. Gilliam contended that he could not read and that he did not know at the time he signed the instrument that it was a deed and that it would pass title to the property to his brother-in-law, Markwith.

The testimony discloses that Gilliam had been an acrobat and had been on the stage in one capacity or another from the time he was six months old; that he had never been to school; that he could only read his own name; that he could not "read other people's writing" although he could read print "fairly good" if the words "aren't too big for me." He was able to read the newspaper although he had never been taught to read. He further said that he was unable to attend to his own business affairs while he was a performer and that he had someone to attend to his "bookings" and the reading and writing connected therewith.

Respecting his relations with Markwith, Gilliam said that Markwith did his writing for him, also that while working at the gas station which was located on the property in question he was unable to make change for customers and did not take the chance of doing it. Regarding the literacy of Gilliam, Markwith testified to having read a letter ($D$-$4$) to Gilliam; that he (Markwith) thought that Gilliam could read; that he acted as Gilliam's advisor. He said, however, that Gilliam "had read the deed over." This was the testimony regarding Gilliam's literacy. The learned Vice-Chancellor was entirely justified in finding that the illiteracy of Gilliam was proved and that when Gilliam signed the deed, he did not and could not have known the contents thereof from reading it, sufficiently to bind him. The notary, Johnson, who attended at the time the deed was signed asked Gilliam whether he knew what the instrument was, or words to that effect, and he claims that Gilliam said that he did know. Gilliam had already signed the paper. In contrast to this testimony of Johnson, Gilliam said that he did not go to the notary's office; that he signed the deed before it was completed and that Markwith took the deed to the notary where

apparently Gilliam's estranged wife intended to sign the instrument. So the testimony of the defendants that Gilliam went to the notary's alone to acknowledge the deed was denied in its entirety by Gilliam. Regardless of what the procedure was in the matter of the execution of the deed, it is clear that the court was justified in holding that Gilliam did not know the contents of the paper when he signed it because, unaided, he was not able to read such a document; again, that Markwith did not inform him of its true contents and, further, that the notary did not inform him.

The conveyance was conditionally set aside, the provision being that Gilliam reimburse Markwith for certain improvements that the latter made to the property. There being evidence that was complete justification for the fact finding of the trial court, this court, on appeal, will give great weight to such finding on a fact question. *Cartan* v. *Phelps, 91 N. J. Eq. 312.* In conclusion, we think the fact determination of the learned Vice-Chancellor was unquestionably correct.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, COLIE, DEAR, WELLS, WOLFSKEIL, HAGUE, JJ. 13.

*For reversal*—None.